**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Steven Yarrito,

        Petitioner,

v.

Charles L. Ryan,

        Respondent.

No.  CV-17-3034-PHX-JJT (DKD)

**REPORT AND RECOMMENDATION**

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

Steven Yarrito filed a Petition for Writ of Habeas Corpus ("Petition") challenging his convictions and sentences in Yuma County Superior Court.  As explained below, the Court recommends that his Petition be denied and dismissed with prejudice.

## BACKGROUND

Following his May 2009 indictment, Yarrito was found guilty by a jury in Yuma County Superior Court for two counts of Sexual Conduct with a Minor and one count of Contributing to the Delinquency of a Minor.  (Doc. 14, Exs. B, C, D)  Yarrito was sentenced to consecutive, mitigated terms of 13 years for the sexual conduct counts and a presumptive, concurrent term of 6 months for the delinquency count.  (Doc. 14, Exs. E, F)  On direct appeal, Yarrito argued that his Sixth Amendment speedy trial rights had been violated.  (Doc. 14, Exs. H, I, J)  The Arizona Court of Appeals disagreed and affirmed his convictions and sentences.  (Doc. 14, Ex. K)

Yarrito initiated post-conviction proceedings by filing a Notice of Post-Conviction Relief.  (Doc. 14, Ex. L)  After a series of unexpected delays, his counsel filed a Petition which argued Yarrito had received ineffective assistance of counsel.  (Docs. 14, Exs. M, N, O, P, Q, R)  At the conclusion of briefing, the Superior Court concluded that Yarrito was not entitled to relief.  (Doc. 14, Exs. S, T, U)  Yarrito's counsel requested and received a withdrawal from the case and Yarrito subsequently requested and received seven extensions of time to file his Petition for Review.  (Doc. 14, Exs. V, W, X, Y, Z, AA, BB, CC, DD)  Yarrito then filed a Motion for Rehearing and a Motion for an Evidentiary Hearing in Yuma County Superior Court and, at the conclusion of briefing, the Court denied them both.  (Doc. 14, Exs. EE, FF, GG, HH, II, JJ)  The Court gave Yarrito "one additional extension of time to file a Petition for Review to the Arizona Court of Appeals."  (Doc. 14, Ex. JJ)

Yarrito then filed several more motions in Yuma County Superior Court including a Petition for Post-Conviction Relief, a Motion for Judgment on the Pleadings, a Motion to Stay Appellate Review to Consolidate, and a Motion for an Evidentiary Hearing.  The Court ordered responses and, at the conclusion of briefing, denied Yarrito's motions. (Doc 14, Exs. KK, LL, MM, NN, OO, PP, QQ, RR, SS, TT, UU, VV, WW)  Yarrito then filed a *pro per* Notice of Appeal which was dismissed by the Arizona Court of Appeals as untimely on May 22, 2017.  (Doc. 14, Exs. XX, AAA, BBB)

Yarrito was appointed counsel in May 2017 and his counsel requested and received an extension of time to file a Petition for Review.  (Doc. 14, Exs. YY, ZZ)  The record indicates that counsel did not file a Petition but there is no indication when or how this representation terminated.  (Doc. 14, Ex. CCC)

On September 5, 2017, Yarrito filed a Petition for Writ of Habeas Corpus in this Court raising four claims of ineffective assistance of trial and appellate counsel.  (Doc. 1) Respondents argue that all of these claims are unexhausted and procedurally barred. (Doc 14)  In reply, Yarrito argues that this Court should review the substance of his claims.  (Doc. 15)

- 2 -

**EXHAUSTION OF REMEDIES & PROCEDURAL DEFAULT**

Exhaustion of Remedies.  A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus.  28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory.  *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

Procedural Default.  A claim can also be subject to an express or implied procedural bar.  *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010).  An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."  *Harris v. Reed*, 489 U.S. 255, 260 (1989).  *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule).  *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner.  *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a

miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982).

## YARRITO'S CLAIMS ARE BARRED

Yarrito did not exhaust any of the claims in his habeas petition and an implied procedural bar now exists to prevent him from doing so. To meet the exhaustion requirement, Yarrito needed to fairly present his claims to the Arizona Court of Appeals by providing the facts underlying his claim and the federal basis of those claims. Yarrito never presented his ineffective assistance of counsel claims to the Arizona Court of Appeals and, therefore, he did not exhaust any of the claims in his Petition.

In addition, Yarrito's claims are now subject to an implied procedural bar because his claims were not fairly presented in state court and no state remedies remain available to him because he is now precluded or time-barred from raising his claims in a successive and untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a).

Yarrito has not demonstrated either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. Yarrito correctly states that his Sixth Amendment claim was presented to the Arizona Court of Appeals but that claim is not part of his Petition. (Doc. 15 at 5-6) He then claims that "his post-conviction proceedings are equivalent to a direct appeal." (Doc. 15 at 7:5-6) However, this Court is bound by precedent that prevents making such an equivalency. Moreover, as Respondents note, Yarrito cannot raise an ineffective assistance of counsel claim against PCR counsel. *Martinez v. Ryan*, 566 U.S. 1, 16 (2012).

**IT IS THEREFORE RECOMMENDED** that Steven Yarrito's petition for writ of habeas corpus be **denied and dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition

- 4 -

is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 22nd day of June, 2018.

_____
David K. Duncan
United States Magistrate Judge